**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**CHRISTOPHER CLARK** and
**LAURA CLARK,**

        Plaintiffs,

v.

                              **CIVIL ACTION NO. 5:16-CV-137**
                              **(BAILEY)**

**MCELROY COAL COMPANY,**
**THE MARSHALL COUNTY COAL CO.,** and
**MURRAY ENERGY CORPORATION,**

        Defendants.

**MEMORANDUM ORDER AND OPINION**
**GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Currently pending before this Court is Plaintiffs' Motion for Partial Summary

Judgment [Doc. 25], filed August 7, 2017. Defendants filed a response to the Motion on

August 28, 2017 [Doc. 29]. Plaintiffs did not file a reply. Having been fully briefed, this

matter is now ripe for decision. For the reasons set forth below, this Court grants Plaintiffs'

Motion for Partial Summary Judgment.

## I. BACKGROUND

This case arises from an action originally filed in the Circuit Court of Marshall

County, West Virginia, on July 20, 2016 [Doc. 1-1]. Defendants timely removed the case

to this Court under federal diversity jurisdiction, 28 U.S.C. § 1332, on August 22, 2016

[Doc. 1].

Plaintiffs subsequently filed an Amended Complaint [Doc. 6] on September 6, 2016.

In the Amended Complaint, plaintiffs note that they own a home and approximately 65

acres of property situated in the Cameron area of Marshall County, West Virginia, while

defendants own and/or lease certain coal interests on the same [Id. at ¶¶ 9-12]. Defendants' mining operations under plaintiffs' property has allegedly caused and are continuing to cause subsidence damage to plaintiffs' real and personal property [Id. at ¶ 14]. Notably, defendants have purportedly utilized the "longwall mining" technique to extract coal from plaintiffs' property [Id. at ¶ 13]. Plaintiffs now seek recourse under four theories of liability: (1) a common law claim for "Support of the Surface Estate"; (2) a statutory action brought pursuant to the West Virginia Surface Coal Mining and Reclamation Act, W.Va. Code §§ 22-3-25(f) and 22-3-25(c), and W.Va. C.S.R. §§ 38-2-16.1.a and 28-2-16.2.c.1-3; (3) an additional statutory action brought pursuant to the Federal Surface Mining Control and Reclamation Act,[1] 30 U.S.C. §§ 1270(f), 1270(a), and 1309(a)(1), and provisions of 30 C.F.R. § 817.121 [Id. at ¶¶ 20-60]; and (4) an additional common law claim for "Promissory Estoppel, Agency and Respondent Superior." Plaintiffs claim a number of property-based damages resulting from the subsidence, including damage to the surface, damage to the physical structures located on the property, loss of use, and loss of property value [Id. at ¶¶ 25-28]. Plaintiffs also allege damages related to their private use and enjoyment of the property, including annoyance and inconvenience [Id. at ¶¶ 28-29].

With regards to Plaintiffs' Motion for Partial Summary Judgment [Doc. 25], plaintiffs allege that the defendants assert that language in the chain of title to the plaintiffs' property precludes any common law claim of damage. The clause at issue in this case comes from a 1902 deed from Issac Moose to G.L. Hibbs, recorded in Marshall County, which provides:

---

[1] The First Amended Complaint incorrectly designates Count III as "Federal Surface Coal Mining Reclamation Act."

2

> Together with all the rights and privileges necessary and useful in the mining and removing of the said coal, including the right of mining the same without leaving any support for the overlying stratas and without liability for any injury which may result to the surface from the breaking of said strata. . .

[Doc. 26 at 4, 7]. Plaintiffs seek a ruling that this alleged broad form waiver of damages related to subsidence damages is not enforceable.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in *Anderson*, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250; *see*

3

*also* **Charbonnages de France v. Smith**, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing **Stevens v. Howard D. Johnson Co.**, 181 F.2d 390, 394 (4th Cir. 1950))).

In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *See* **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

## III. DISCUSSION

Plaintiffs seek partial summary judgment on the issue of the applicability of an alleged waiver of liability and damages for subsidence related to underground longwall coal mining. Again, the clause at issue comes from a 1902 deed to the plaintiffs' predecessors-in-interest which purportedly waives the right to service support. That clause provides:

> Together with all the rights and privileges necessary and useful in the mining and removing of the said coal, including the right of mining the same without leaving any support for the overlying stratas and without liability for any injury which may result to the surface from the breaking of said strata. . .

[Doc. 26 at 7].

4

Not long ago, this Court was presented with this same issue in *Schoene v. McElroy Coal Co.*, 2016 WL 397636 (N.D. W.Va. Jan. 29, 2016). In *Schoene*, as here, the defendants argued that the plaintiffs' predecessors-in-interest had waived their right to service support due to the exact clause at issue in this case being included in a 1902 Marshall County deed. *Id.* at *3. This Court denied the *Schoene* defendants' motion for summary judgment on this issue, *id.* at *8, and has since not changed its mind. Therefore, this Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment **[Doc. 25]**. The broad form waiver is not enforceable.

As this Court stated in *Schoene*, "a landowner who conveys the mineral rights underlying the estate generally retains an 'absolute right to subjacent support for the surface in its natural state.'" *Id.* at *4 (citing Syl. pt. 1, *Winnings v. Wilpen Coal Co.*, 134 W.Va. 387, 59 S.E.2d 655, 656 (1950)). However, landowners who lease their mineral rights are permitted to waive the right of subjacent support, "provided that the language of the deed and the circumstances surrounding the conveyance show a clear intention by the surface owner to waive such support." *Id.* (citing *Antco, Inc. v. Dodge Fuel Corp.*, 209 W.Va. 644, 550 S.E.2d 622, 629 (2001) (citing Syllabus, *Rose v. Oneida Coal Co., Inc.*, 180 W.Va. 182, 375 S.E.2d 814, 815 (1988))). As such, a lessor of mineral rights, such as plaintiffs' predecessor-in-interest, can waive the right to subjacent support.

"In West Virginia, a deed will be interpreted and construed as of the date of its execution." *Id.* (citing *Energy Development Corp. v. Moss*, 214 W.Va. 577, 586, 591 S.E.2d 135, 144 (2004) (citing Syl. pt. 2, *Oresta v. Romano Bros.*, 137 W.Va. 633, 73 S.E.2d 622 (1952) and *Quintain v. Columbia Nat'l Res.*, 210 W.Va. 128, 556 S.E.2d 95

(2001))). Also in accord are *Faith United Methodist Church v. Morgan*, 231 W.Va. 423, 429, 745 S.E.2d 461, 467 n. 11 (2013), *Cogar v. Sommerville*, 180 W.Va. 714, 379 S.E.2d 764 (1989), and *Brown v. Crozer Coal & Land Co.*, 144 W.Va. 296, 107 S.E.2d 777 (1959). "In addition, mineral leases are to be liberally construed in favor of the lessor and strictly against the lessee." *Id.* (citing *Energy Development Corp. v. Moss*, 214 W.Va. 577, 586, 591 S.E.2d 135, 144 (2004) (citing *Martin v. Consolidated Coal Co.*, 101 W.Va 721, 133 S.E. 626 (1926))).

However, "waivers of subjacent support are limited, and are 'only valid insofar as the proposed activity was within the contemplation of the original parties,' to the conveyance." *Id.* (citing *Energy Development Corp.*, 591 S.E.2d at 144 (citing Syl. pt. 3, *Cogar v. Sommerville*, 180 W.Va. 714, 379 S.E.2d 764 (1989))). As noted in *Schoene*, the West Virginia Supreme Court stated in *Cogar*:

> [A] severance deed is to be construed in light of the conditions and reasonable expectations of the parties at the time it is made. As a consequence, mining methods not contemplated at the time of the severance deed may not be utilized. *See Brown v. Crozer Coal & Land Co.*, 144 W.Va. 296, 107 S.E.2d 777 (1959) (auger mining); *West Virginia-Pittsburgh Coal Co. v. Strong*, 129 W.Va. 832, 42 S.E.2d 46 (1947) (strip mining). It would be impossible to conceive that the parties to old severance deeds would have any contemplation of waiving future statutory rights.
>
> Furthermore, in Syllabus Point 1, in part, of *Winnings v. Wilpen Coal Co.*, 134 W.Va. 387, 59 S.E.2d 655 (1950), we held that a coal severance deed containing broad mining rights would not be construed to waive the right of subjacent support "unless [the surface owner's] intention so to do clearly appears from express language or by necessary implication." It is doubtful that the waiver in the Howard deed, *see* note 3, *supra*, is sufficiently specific to constitute a waiver of surface supports under *Winnings*, but this is a point we need not decide. It is sufficient to state that under *Winnings*, waivers of this nature are strictly construed. Accordingly, we cannot imply a waiver of this statutory right.

6

Finally, our conclusion is in accord with the general principle that a release or waiver of liability or damages covers only those items that are within the ordinary contemplation of the parties. As we stated in Syllabus Point 2 of *Conley v. Hill*, 155 W.Va. 175, 174 S.E. 883 (1934), *overruled on other grounds*, *Thornton v. Charleston Area Medical Center*, 158 W.Va. 504, 213 S.E.2d 102 (1975): "A release ordinarily covers only such matters as may fairly be said to have been within the contemplation of the parties at the time of its execution." *See also* Syllabus Point 2, *Cassella v. Weirton Constr. Co.*, 161 W.Va. 317, 241 S.E.2d 924 (1978).

*Id.* at \*4-5 (citing *Cogar*, 180 W.Va. at 719-20, 379 S.E.2d at 769-70 (footnote omitted)).

Thus, "to be within the contemplation of the parties, it must be shown that the mining takes place by mining methods that were contemplated by the parties at the time of the severance." *Id.* at \*5 (citing *Cogar*, 379 S.E.2d at 719); *see also Brown v. Crozer Coal & Land Co.*, 144 W.Va. 296, 107 S.E.2d 777 (1959) (holding that because auger mining was unused and unaccepted as common practice in Wyoming County around 1900, a deed did not give owners of mineral rights the right to use that method to extract coal); *West Virginia-Pittsburgh Coal Co. v. Strong*, 129 W.Va. 832, 42 S.E.2d 46 (1947) (holding that a 1904 mineral-rights conveyance in Brooke County did not encompass strip mining) ("To now contend that in 1904 the practice of strip mining was known in this State to the extent that it was necessarily within the implied contemplation of the parties to a private contract, we believe to be untenable.").

Here, the record makes clear that The Marshall County Coal Company, formerly known as McElroy Coal Company, longwall mined coal on plaintiffs' property [Doc. 8 at ¶ 13]. It is clear that mechanized longwall mining was not the type of mining contemplated by the parties to the 1902 deed. In *Schoene*, this Court went into great detail explaining why longwall mining, such a new and different mining technique, could not possibly have

7

been conceived nor contemplated by parties to a 1902 deed. *Schoene*, 2016 WL 397636 at \*5-8. Here now, with another 1902 deed containing the exact same language, this Court's reasoning has not changed.

This Court holds that the broad form waiver of subjacent support is not a valid waiver against the subsidence damage caused by longwall mining.[2] Longwall mining was unknown in Marshall County to the lessors at the time the instrument was executed. Longwall mining provides almost a certainty of significant subsidence, whereas room and pillar mining, that known in 1902, carries with it only the possibility of subsidence.[3]

## IV. CONCLUSION

For the reasons stated above, this Court hereby **GRANTS** Plaintiffs' Motion for Partial Summary Judgment **[Doc. 25]**.

It is so **ORDERED**.

The Clerk of Court is directed to transmit copies of this Order to all counsel of record.

**DATED**: September 13, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

[2] This Court notes that the United States Court of Appeals for the Fourth Circuit certified this question to the Supreme Court of Appeals of West Virginia on July 18, 2017.

[3] This Court is not suggesting that the invalidity of the waiver prevents the mining of the coal. The Lessors clearly intended for the coal to be removed. This holding is limited to a ruling that the coal producer must pay the landowner for all of the damage caused by the mining operations.

8